BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
WASHINGTON, D.C.

AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT FOR:

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
Southeast, Washington, D.C.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

1. This affidavit is submitted in support of an application for a search warrant for the entire premises known as xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, Southeast, Washington, D.C. The apartment is located inside of a 3 story red brick, with brown trim, apartment building that sits on the west side of the xxxxxxxxxxxxxxxxxxxxxx, southwest of Xxxxxxxxxx and Northwest of Xxxxxxxxxx in Southeast, Washington D.C. The three-story, red brick, building that Apartment #xxx is located in is marked "xxxx" in white letters on a blue placard that is affixed to the building, just to the right of the front entrance. There is a brown colored overhang directly above the front entrance of the building marked "xxxx". There is a wrought iron fence that is black in color that surrounds the building marked "xxxx". The apartment numbered "xxx" is located on the second floor in the building marked "xxxx". Apartment "xxx" is the first door on the left hand side after exiting the stairs to the second floor. The front door & door frame to apartment "xxx" are brown in color. There is a silver colored door handle on the left side of the door to apartment "xxx". Directly above the silver colored door handle is a silver deadbolt lock. In the upper middle portion of the door is a silver colored door knocker. The numbers "xxx" appear in black directly above the silver colored knocker. Your affiant, Frank Oliver, being duly sworn deposes and states as follows:

**INTRODUCTION**

2. The facts contained in this affidavit are set forth to support probable cause for this application. It is not intended to include each and every fact and matter observed by your affiant or known to the government.

3. Your affiant in this matter is Special Agent Frank Oliver, of the Bureau of Alcohol, Tobacco and Firearms (ATF). I am currently assigned to the Washington Area High Intensity Drug Task Force (HIDTA). I have been a Special Agent with ATF for approximately 6 years. Prior to becoming a Special Agent with the ATF, your affiant was a Narcotics Investigator/ Officer with the United States Park Police for approximately 10 years. Your affiant has conducted numerous narcotic

trafficking and gang related investigations. Your affiant has participated in the preparation, presentation an execution of numerous search and arrest warrants, which have resulted in the recovery of narcotics, weapons and documentary evidence indicative of narcotics and firearm trafficking groups.

4. During the course of your affiant's training, professional experience and participation in the investigation of organized narcotics traffickers, I have gained personal knowledge that participants in drug trafficking and other violent criminal activity often possess and maintain weapons and ammunition. Weapons are often stored in the subject's residences for their protection and for the protection of their illegal narcotics and the assets generated from the sales of the illegal narcotics. Firearms are generally kept in secure locations to protect the items from theft and discovery by law enforcement authorities, thus reducing their exposure to criminal liability. In your affiant's experience, the recovery of weapons during the execution of search warrants is usually accompanied by the recovery of additional ammunition, magazines, bulletproof vests and documentary evidence indicative of ownership and possession of firearms

5. Your affiant has learned from his experience in narcotics enforcement that the execution of a narcotics search warrant often reveals the presence of other persons other than the residents on the premises and that such persons include but are not limited to, persons assisting in the distribution of the controlled substance, potential buyers of the controlled substance, and drug users and that it is common to find controlled substances and drug related paraphernalia on these persons. Experience has taught your affiant that conveyances, particularly vehicles, both stationary and mobile, are used to facilitate on going criminal drug enterprises. Based on your affiant's experience in narcotics and firearms related investigations, people who sell drugs transport and store drugs in their vehicles. Your affiant has learned that mobile conveyances are commonly used to transport narcotics, firearms and other contraband.  Furthermore, your affiant has knowledge that vehicles used by drug traffickers are sometimes physically and mechanically altered to manufacture secret compartments. The purpose of this is to conceal items of contraband; specifically controlled substances, firearms, and U.S. currency derived from their ongoing criminal enterprises from law enforcement authorities, thus reducing their chance of incurring serious criminal liability.

6. The facts and information set forth in this affidavit are based upon your affiant's personal knowledge, training, observations, experience and investigation and observations of other Investigators involved in this investigation.  All observations that were not personally made by your affiant were related directly to your affiant by the persons who made such observations or who corroborated such information.  Additionally, information was gathered through the use of a

confidential reliable source, hereafter referred to as CI-1.  CI-1 has provided your affiant, as well as other local law enforcement agencies with truthful information and proven reliable and credible on each and every occasion.  Information CI-1 has provided your affiant has been independently corroborated by your affiant and members of other local law enforcement agencies and found to be true and accurate.  CI-1 has supplied your affiant and other local law enforcement agencies with reliable information on at least 6 separate occasions in the past that has led to the issuance of  narcotic related search warrant(s), of which have resulted in the seizure of various controlled substances, and firearms.  CI-1 has personally trafficked various types of controlled substances and is able to recognize various types of narcotics in their various forms and is familiar with the methods in which drug dealers conceal, package, and traffic their product for both wholesale and street level distribution.  CI-1 has never been known to provide your affiant, members of this agency, or any other law enforcement entity with untruthful or unreliable information.

7. Based upon your affiant's training, experience and participation in narcotic related investigations, your affiant has personal knowledge that individuals who traffic in narcotics maintain books, records, receipts, notes, ledgers, safe deposit keys, along with other papers and documents relating to the transportation, ordering, purchase and distribution of controlled substances.  Individuals who traffic in narcotics also maintain addresses, telephone books, electronic paging devices, portable telephones and other papers reflecting names, addresses, and/or telephone numbers of associates and co-conspirators, which are frequently kept at the same location as the controlled substances.  Likewise, narcotics traffickers frequently carry firearms on their persons or keep firearms in their vehicles or houses in order to facilitate their drug trafficking activities and as a way to protect themselves and their product from rival drug organizations.  Additionally, your affiant knows that these same individuals keep receipts, bank statements, money drafts, letters of credit, money orders and cashier checks, bank checks, currency counting machines and other items evidencing the obtaining, secreting, transfer, or concealment of assets in the form of U.S. currency and other financial instruments.  Your affiant knows that the aforementioned items are generally maintained in a secure area so that the narcotic trafficker can gain ready access to them and protect them from discovery by law enforcement authorities.

## SUMMARY OF INVESTIGATION

8. In July of 2006, your affiant met with a reliable Confidential Informant, referred in this affidavit as CI-1. CI-1 has previously supplied your affiant and other federal and local law enforcement agencies with reliable information that has resulted in the seizure of controlled substances, monies, firearms and the arrest of subjects on at least 10 occasions. Further, the information that CI-1 has provided has been verified accurate by your affiant and other law enforcement agencies.

    CI-1 has never provided ATF or any other law enforcement agency with information that has proven unreliable.

9. CI-1 met with your affiant in reference to a subject known to CI-1 as "Xxxx". CI-1 stated that it knew "Xxxx" to sell large quantities of marijuana out of xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, Southeast, Washington, D.C. while armed. CI-1 stated that it had also seen crack cocaine, PCP and numerous firearms inside of xxxx Xxxxxxxxxx, Apartment "xxx", Southeast, Washington, D.C..

10. Your affiant and other Law Enforcement Officers (LEO) met with CI-1 with in a seven day period commencing July 5, 2006. At this time LEO's made a complete search of the CI-1's person. The search showed that the CI-1 had no controlled dangerous substances or money on its person. CI-1 was then given a sum of pre-recorded United States Currency, from the Bureau of Alcohol, Tobacco and Firearms, and was instructed to go directly to xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, Southeast, Washington, D.C., to purchase a quantity of marijuana from "Xxxx". CI-1 was then escorted to xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, SE, Washington, D.C. by LEO officers. The CI-1 never left the sight of LEO's who were conducting surveillance of the building located at xxxx Xxxxxxxxxx, SE, Washington, D.C. CI-1 was observed going directly to and entering apartment "xxx" by LEO's. A short time later, CI-1 exited the apartment marked "xxx" and returned directly back to LEO's at a predetermined location without stopping or coming into contact with any other person and without leaving the sight of Leo's. At this time CI-1 turned over a plastic bag that contained a green leafy substance to LEO's, and stated that it had exchanged the pre-recorded U.S. currency with the subject known to it as "Xxxx", for a quantity of suspected marijuana while inside the apartment numbered "xxx" that is located inside of xxxx Xxxxxxxxxx, SE, Washington, D.C. A search of CI-1's person showed that the CI-1 had no other controlled dangerous substances on its person.

11. Your affiant performed a preliminary field test on the suspected Marijuana that CI-1 purchased from the subject known to it as "Xxxx" using a Narcotest #8 test reagent for Marijuana. The results of this the test showed a positive reaction for THC.

12. In summary, based on the information contained herein, your affiant believes that the subject known to CI-1 as "Xxxx" is utilizing xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, Southeast, Washington, D.C., as a base to conduct and facilitate an illegal drug operation involving the controlled substance Marijuana and has done so on a continuous basis for at least the past two weeks. Furthermore, based on the aforementioned investigation, your affiant's training, education, personal observations and experience in narcotics suppression, your affiant has probable cause to believe that "Xxxx" is utilizing this same residence to secrete and maintain evidence, instrumentalities and fruits

4

of the offense of Distribution of Marijuana, in violation of Title 21, United States Code, Section 841 (a)(1) . Your affiant believes this type of evidence is located at xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, Southeast, Washington, D.C., because it is reasonable to expect to find this kind of evidence inside of the residence due to such a productive drug operation.  Based on the foregoing, your affiant believes there is probable cause that the premises known as xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, Southeast, Washington, D.C., contains property constituting evidence of the commission of the offense of Distribution of Marijuana, contraband, fruits and instrumentalities designed or intended for use, which is and has been used as means of committing the above referenced offense.  Accordingly, your affiant respectfully requests that a search warrant be issued for xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, Southeast, Washington, D.C., authorizing the seizure of any controlled substances, packaging materials used in the distribution of Marijuana, monies derived from the illegal sales of Marijuana, pre-recorded U.S. Government funds, documents such as ledgers, phone books, address books, receipts, canceled checks, money orders, vehicle titles, photographs and other paperwork denoting narcotic sales and/or receipts of narcotic transactions as well as other evidence and contraband associated with narcotic trafficking such as firearms, ammunition, cellular phones and digital paging devices.

_____
Frank L. Oliver
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives


Sworn to and subscribed before me this _____ day of July, 2006.


_____
United States Magistrate Judge
District of Columbia